**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

JONATHAN GREENBERG, CHRISTOPHER GALE,
ROBERT GIZA and MICHAEL TURRIZIANI,

     *Plaintiffs,*

v.

JOHNSON CONTROLS, INC.,

     *Defendant.*

---

CIVIL ACTION

Case No: 24-02521-GAW
Hon. Gail A. Weilheimer

**PLAINTIFFS' RESPONSE TO DEFENDANT JOHNSON CONTROLS, INC.'S
MOTION FOR CHANGE OF VENUE TO U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN**

NOW COMES Plaintiffs, by and through their attorneys, The Sharp Firm, PLLC, and for the reasons more fully articulated in the accompanying Brief requests that this Honorable Court deny Defendant's motion in its entirety.

Dated: April 24, 2025

Respectfully submitted,

/s/ *Heidi T. Sharp*
By: Heidi T Sharp (P69641)
Attorney for Plaintiffs
43260 Garfield Rd., Suite 280
Clinton Township, MI 48038
(586) 226-2627
heidi@sharpfirmlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

JONATHAN GREENBERG, CHRISTOPHER GALE,
ROBERT GIZA and MICHAEL TURRIZIANI,

       *Plaintiffs,*

v.

JOHNSON CONTROLS, INC.,

       *Defendant.*

---

CIVIL ACTION

Case No: 24-02521-GAW
Hon. Gail A. Weilheimer

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RESPONSE TO DEFENDANT
JOHNSON CONTROLS, INC.'S MOTION FOR CHANGE OF VENUE TO
U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN**

# TABLE OF CONTENTS

Introduction ........................................................................................................................... 1

Procedural Posture & Factual Background ......................................................................... 1

Legal Argument .................................................................................................................... 3

    I.    Defendant waived its right to challenge venue in this matter. ........................................... 3

    II.    Venue is proper in Pennsylvania and the *Jumara* factors weigh in favor of this matter remaining in Pennsylvania. ..................................................................................................... 5

Conclusion ............................................................................................................................. 8

i

# TABLE OF AUTHORITIES

**Cases**

*Bel-Ray Company, Inc. v. Chemrite* (PTY) Ltd., 181 F.3d 435, 443 (3d Cir. 1999)........................ 3

*Dangel v. Northwood/Nat'l Provider Network LLC (In re Beckett Healthcare, Inc.),*
    2004 Bankr. LEXIS 265; 2004 WL 422055................................................................. 3

*Davis v Smith* 253 F.2d 286 (3d Cir. 1958).................................................................... 3

*Jumara v. State Farm*, 55 F.3d 873 (3d Cir. 1995) ........................................................... 6

*Kulpinsky v. Innovairre Holding Co., LLC*, 2021 U.S. Dist. LEXIS 159746 ................................ 5

*Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)............................................... 6

*South Seas Catamaran, Inc. v. Motor Vessel "Leeway",*  120 F.R.D. 17, 20 (D.N.J. 1988) .......... 3

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, (1988) ................................................. 5

*United Rubber, etc. v Lee Rubber & Tire Corp.*, 269 F.Supp. 708, 714.......................................... 3

*Wyrough & Loser, Inc. v. Pelmor Labs, Inc.*, 376 F.2d 543, 547 (3d Cir. 1967)............................. 3

**Rules**

Fed. R. Civ. P. 12(h)............................................................................................... 3

Plaintiffs Jonathan Greenberg, Christopher Gale, Robert Giza and Michael Turriziani, through their counsel at the Sharp Firm PLLC, state the following for their *Brief in Support of Their Response to Defendant Johnson Control, Inc.'s Motion for Change of Venue to U.S. District Court for The Eastern District of Wisconsin*:

**Introduction**

Plaintiffs, who are or were HVAC Account Executives working out of Defendant's Horsham, Pennsylvania branch office, filed the present action on June 10, 2024, alleging breach of contract, promissory estoppel, and violations of the Pennsylvania Wage Payment and Collection Law. Their Complaint stated the following jurisdictional allegation: "Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this judicial district because Defendant regularly conducts business in this district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this district." Defendant did not deny this allegation in its responsive pleading and therefore assented to the venue of this Court.

**Procedural Posture & Factual Background**

Plaintiffs filed this case on June 10, 2024. Defendant responded by filing a motion on the pleadings under FRCP 12(b)(6). (ECF No. 9). Defendant did not dispute venue in its first responsive pleading, nor later in its Answer after the Court denied Defendant's motion. (ECF Nos. 18 and 20). Defendant did not plead an affirmative defense related to venue. (ECF No. 20). Defendant did not raise an objection to venue in the Joint 26(f) plan, which was entered on September 11, 2024 (ECF No. 12). During the status conference on January 24, 2025, the Court asked about other related matters and matters pending in other jurisdictions were recited. It was acknowledged at that time that this matter had entered discovery ahead of the other matters. Again, there was no objection to venue.

1

Following this conference, the parties continued to exchange correspondence regarding the deposition of Blake Ewing, the corporate representative identified by Defendant as having the most knowledge regarding the incentive plan at issue in this case. Ms. Ewing's deposition was originally set for January, and then was re-set to May 2, 2025, after the parties conferred regarding the need for supplemental responses to Defendant's discovery responses to Plaintiff. (Exhibit A, Emails between parties). It took months to set Ms. Ewing's deposition date, at Plaintiffs' counsel's continued insistence. (Exhibit B, Emails between parties). Even after Ms. Ewing's deposition was set, there was no objection or discussion regarding venue. In fact, Plaintiff's counsel made it clear that she would travel to Ms. Ewing's location in Wisconsin to take her deposition. (Exhibit C, Ewing Dep Notice).

Further, two New York cases brought by Defendant's salespersons who had also had commissions withheld like the Plaintiffs in this matter, which had not yet had their dispositive motions decided, were transferred to the Eastern District of Wisconsin on February 25, 2025.[1] However, unlike in this matter, the Defendant had not yet filed an Answer in the New York cases before they were transferred. On March 14, 2025, counsel for Defendant asked counsel for Plaintiffs if she would agree to a stipulation to change venue in this case to the Eastern District of Wisconsin. Counsel for Plaintiffs refused to stipulate, and Defendant then waited another month before bringing the present motion. (Exhibit D, Email). The deposition of Blake Ewing, Defendant's Senior Director of Global Incentives, is confirmed and scheduled for May 2, 2025, in Milwaukee, Wisconsin.

---

[1] In addition to this matter, Defendant is facing other litigation regarding its failure to pay commission to salespersons throughout the country. Plaintiffs' counsel also represents two individual salespersons who filed claims in the Southern District of New York. Defendant filed 12(b)(6) motions on those matters, and they were fully briefed and ripe for decision. Before the SDNY issued an opinion, on the Court's own directive, the matters were transferred to the EDWI as 'related' matters. (Exhibit E, Orders).

2

**Legal Argument**

**I.     Defendant waived its right to challenge venue in this matter.**

Federal Rule of Civil Procedure 12(h) provides that the defense of improper venue is waived unless asserted in a pre-answer motion under Rule 12 or included in a responsive pleading or amendment of such pleading under Rule 15(a). Fed. R. Civ. P. 12(h). Waiver of the defense of improper venue unless asserted under Rule 12 or pled under Rule 15(a) has been universally accepted by the federal courts. *South Seas Catamaran, Inc. v. Motor Vessel "Leeway",* 120 F.R.D. 17, 20 (D.N.J. 1988). Once venue is waived, even by mistake of law, it may not be reasserted. *United Rubber, etc. v Lee Rubber & Tire Corp.*, 269 F.Supp. 708, 714 (citing *Davis v Smith* 253 F.2d 286 (3d Cir. 1958)).

The rationale underpinning Rule 12(h) was articulated by the *South Seas Catamaran* court as follows: "The policy underlying Rule 12(h) stems from the judicially recognized principle that *28 U.S.C. § 1391* vests a defendant with a privilege, rather than a right, to attack a claim on the grounds of improper venue, and privileges, unlike inalienable rights, can be lost if not asserted in a timely fashion. [citation omitted]. In addition, Rule 12(h) "… serves the purpose of early and expeditious determination of whether the court should proceed further with the action." 120 F.R.D. at 20 (quoting *United Rubber*, 269 F. Supp. at 714). Indeed, the Third Circuit Court of Appeals has noted on more than one occasion that the strong policy to conserve judicial time and effort requires that "preliminary matters such as defective service, personal jurisdiction and venue should be raised and disposed of before the court considers the merits or quasi merits of a controversy." *Wyrough & Loser, Inc. v. Pelmor Labs, Inc.*, 376 F.2d 543, 547 (3d Cir. 1967); accord *Bel-Ray Company, Inc. v. Chemrite* (PTY) Ltd., 181 F.3d 435, 443 (3d Cir. 1999)." *Dangel v. Northwood/Nat'l Provider Network LLC (In re Beckett Healthcare, Inc.),* 2004 Bankr. LEXIS 265; 2004 WL 422055 (See Exhibit F).

3

Defendant had the opportunity to challenge venue at the outset and chose not to, therefore venue is waived.

Defendant is represented by a national law firm, which represents the Defendant throughout the country in various other matters challenging the theft of commission from its salespersons. When this claim was filed in June 2024, at least seven other matters were already pending in different states, all challenging the Defendant's failure to pay commissions from its FY 2023 incentive plan.[2] Defendant took the time to review and assess the matter and filed a Rule 12(b)(6) motion on the pleadings. After that motion was denied, the Defendant filed an Answer with Affirmative Defenses on October 16, 2024. That meant that four months passed between the filing of the Complaint and the Answer being filed, giving Defendant sufficient time to determine if venue was proper or should be challenged. Further, Defendant did not challenge venue in any of the other pending matters that were filed before this one or had been filed in the meantime. Of note, the Defendant has not filed a Motion to Change Venue in the matter pending in Colorado. This is significant because the district court has also denied the 12(b)(6) motion in that matter and discovery is proceeding. This supports Plaintiff's position that this motion is brought in bad faith to supplant discovery and delay this matter.

Further, the 26(f) report identified all the pending cases, meaning that Defendant knew the location of all other matters and intentionally did not challenge venue in those matters or this matter. Bringing this motion almost a year after the matter was filed, while the parties are in the

---

[2] *Birkholz v Johnson Controls, Inc.,* Case No. 2024-205366-CB, Sixth Circuit Court for the County of Oakland, Michigan; *Tomei v Johnson Controls, Inc.,* Case No. 2024-205266-CB Sixth Circuit Court for the County of Oakland, Michigan; and *Hajdyla v Johnson Controls, Inc.,* Case No. 2024-205318-CB Sixth Circuit Court for the County of Oakland, Michigan; *Konczak v Johnson Controls, Inc.,* 4:24-cv-10431-SDK-CI, Eastern District of Michigan; *Novin et al v. Johnson Controls Inc.,* Case No. 2:24-cv-00046-PP, Eastern District of Wisconsin; *Riccitelli v. Johnson Controls, Inc.,* Case No. 1:24-cv-03243-MMG, Southern District of New York; *Pagano v Johnson Controls, Inc.,* Case No: 1:24-cv-01020-MMG, Southern District of New York*; Halfter v Johnson Controls, Inc.,* Case No: 1:24-cv-01047-MMG, Southern District of New York; *Goodwin v Johnson Controls, Inc.,* Case No: 1:24-cv-00989-RMR-TPO, District of Colorado (Denver).

4

midst of discovery and weeks before the deposition of the **only corporate representative that Defendant identified** smacks of gamesmanship. In *Kulpinsky v. Innovairre Holding Co., LLC*, 2021 U.S. Dist. LEXIS 159746,[3] the District of New Jersey denied a motion to transfer venue which "smacks more of gamesmanship than it does a good faith effort to resolve a dispute." The same is true here.

## II. Venue is proper in Pennsylvania and the *Jumara* factors weigh in favor of this matter remaining in Pennsylvania.

Plaintiff's complaint asserted proper venue. The defense of improper venue has been waived. Defendant's conduct after the pleading stage further supports this result. Defendant has participated in discovery by filing its Rule 26 disclosures. It has exchanged numerous documents in response to requests to produce and set depositions. It only asserted improper venue on the eve of the deposition of its corporate representative. It is clear that avoiding this deposition is the point of the motion. In other pending matters against Defendant in Michigan state court, Defendant has cited to 'pending motions' on other matters in its request to delay the deposition of Blake Ewing.[4]

The question of whether to transfer the case to another venue in which it could have been brought initially is left to the district court's discretion upon an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Statutory authority for discretionary transfer comes in 28 U.S.C. § 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action" to another district.

---

[3] Exhibit G.

[4] Exhibit H, Doni Bulea email indicating they would be 'adjourning' the deposition of Blake Ewing due to 'venue transfers'. As the only case which currently has a pending motion to transfer venue is this one, it appears that they are trying to delay the deposition until the outcome of this motion.

These interests have been further delineated into several factors, as the Third Circuit laid out in *Jumara v. State Farm*, 55 F.3d 873 (3d Cir. 1995), and the parties agree that an accounting of these factors is what must guide the Court's discretion. In particular, *Jumara* observed the following list of interests for a court to consider:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 879-80.

Notably, the *Jumara* court collected the factors with the disclaimer that, "there is no definitive formula or list of the factors to consider." *Id.* To prevail in transferring the case, the burden is on the movant to show that "a balancing of proper interests weigh[s] in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970). Balancing interests may not always be straightforward, but as a rule of thumb, "transfer is not to be liberally granted." *Id.* In other words, "the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879 (citation removed). While the *Jumara* court granted a change of venue, it noted that the presence of a forum selection clause, <u>which is absent here</u>, was a "salient factor" in its decision. *Jumara* at 877.

The movant has not met its burden to transfer this case. Weighing these factors, it is clear that they favor this matter remaining in Pennsylvania. First, as outlined above, the Plaintiffs chose Pennsylvania first as demonstrated by filing this matter in Pennsylvania and second as identifying

6

it as the proper jurisdiction to bring the matter in in their Complaint. Defendant did not timely object to venue because it recognized it was correct.

Defendants erroneously claim that the "central facts" of this case occurred outside of Pennsylvania. In fact, Plaintiffs are all residents of Pennsylvania who physically worked for Defendant's Horsham, Pennsylvania office. They procured sales from residents of Pennsylvania. The Plaintiffs do not perform their duties in Wisconsin and were not required to attend meetings in Wisconsin. Plaintiffs received notice that they were being denied due and earned wages while located in Pennsylvania and communicated with their local managers, who are also located in Pennsylvania, regarding the denial of their wages. Plaintiffs' direct manager, who made sales decisions and advocated for Plaintiffs to receive the commissions they were promised, is also located in Pennsylvania and will be deposed in Pennsylvania. Plaintiff's depositions were originally noticed for Pennsylvania (those depositions were cancelled by Defendant without explanation). (Exhibit I, Dep Notices).  As all of the relevant documents in this matter are digital, this factor is neutral.

Defendant emphasizes the interests of justice, convenience of parties, and convenience of witnesses, arguing that they are all in its favor. However, these are the factors which fall most evidently on Plaintiff's side. Defendant is a multinational corporation with employees worldwide and nearly $28 billion in net yearly sales. Certainly, it is not an undue burden for them to litigate this case in Pennsylvania, where it arose and where it has multiple physical locations. Defendant is benefitting and profiting from having employees located in Pennsylvania, selling to customers located in Pennsylvania.  It is not convenient for the Plaintiffs, commissioned salespersons, to travel to Wisconsin for any portion of this litigation, especially a trial, which could last weeks. This would require them as employees of the company who have already had their wages stolen

7

to expend significant sums to have their claims heard in a state they have never traveled to or have any connection with.  As to Ms. Ewing's deposition being set in Wisconsin, Plaintiffs were forced to do so because Defendant has only identified Ms. Ewing in response to discovery requests and its initial disclosures as the only corporate representative who has any information regarding the 2023 incentive plan at issue. (Exhibit J, Initial Disclosures, Reponses to Interrogatories).  Many other witnesses, including those located in Pennsylvania, and other states, have relevant information and will be deposed following the deposition of Ms. Ewing.

The theft of the wages occurred in Pennsylvania and the interests of justice require that individual litigants not be disadvantaged by a large corporation's ability to bring unwarranted motions in an attempt to gain a strategic advantage. In addition, as this case will be analyzed under the Pennsylvania Wage Payment and Collection Law, this Court, sitting in Pennsylvania, is the most qualified adjudicator.

**Conclusion**

For the reasons set forth above, Plaintiffs respectfully request that this Court deny JCI's Motion to Transfer Venue to the United States District Court for the Eastern District of Wisconsin.

Dated: April 24, 2025                                    Respectfully submitted,

/s/ *Heidi T. Sharp*
By: Heidi T Sharp (P69641)
Attorney for Plaintiffs
43260 Garfield Rd., Suite 280
Clinton Township, MI 48038
(586) 226-2627
heidi@sharpfirmlaw.com

8

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2025, I electronically filed the foregoing *Plaintiff's Response to Defendant Johnson Controls' Motion for Change of Venue to U.S. District Court for The Eastern District of Wisconsin* and *Brief in Support* with the Clerk of the Court using the Court's ECF which will send notification to all ECF participants.

/s/ Tara Adams
Tara Adams

9