# Exhibit F

Ⓐ Neutral
As of: April 17, 2025 5:39 PM Z

# *Dangel v. Northwood/Nat'l Provider Network, L.L.C. (In re Beckett Healthcare, Inc.)*

United States Bankruptcy Court for the Eastern District of Pennsylvania

February 24, 2004, Decided

Chapter 11, Bankruptcy No. 00-34701DWS, Adversary No. 03-0273

**Reporter**
2004 Bankr. LEXIS 265 *; 2004 WL 422055

In re BECKETT HEALTHCARE, INC., Debtor. MATTHEW DANGEL, in his capacity as Unsecured Claims Administrator of Beckett Healthcare, Inc., Plaintiff, v. NORTHWOOD/NATIONAL PROVIDER NETWORK, LLC, fka Northwood/NPN, LLC, Defendant.

**Disposition:** [*1]  Defendant's motion for change of venue denied.

## Core Terms

arbitration, parties, venue, pretrial statement, improper venue, waived, affirmative defense, change of venue, arbitration award, notice

## Case Summary

### Procedural Posture

In an adversary proceeding brought by plaintiff, the unsecured claims administrator of debtor, against defendant, based on debtor's provision of healthcare services to defendant, defendant filed a motion for change of venue pursuant to *Fed. R. Bankr. P. 7087* and *9014*.

### Overview

After the administrator filed its adversary proceeding, defendant filed an answer and affirmative defenses. Defendant did not plead improper venue as one of its affirmative defenses. Subsequently, a notice of an arbitration hearing was provided and defendant filed its disclosures under *Fed. R. Civ. P. 26(a)* to the court. A new arbitration hearing date was set with the consent of the parties. The day before the arbitration hearing, defendant filed a motion for change of venue based on a forum selection provision in its contract with debtor. The next day an arbitration award was entered in favor

of the administrator. In denying defendant's motion for a change of venue, the court held that the defense of improper venue was waived under *Fed. R. Civ. P. 12(h)* because defendant presented no factual averments in its answer concerning the contractual provision, did not raise a defense of improper venue in its answer, and did not opt for the alternative procedure for raising the affirmative defense by filing a motion under *Fed. R. Civ. P. 12(b)*. The court also held that defendant had not waived its right to a trial de novo following the entry of the arbitration award.

### Outcome

The court denied defendant's motion for change of venue and ordered the parties to file a joint pretrial statement.

## LexisNexis® Headnotes

Bankruptcy Law > Case Administration > Notice
Business & Corporate Compliance > Bankruptcy > Case Administration > Notice

Evidence > Judicial Notice > General Overview

Governments > Native Americans > Authority & Jurisdiction

Bankruptcy Law > Procedural Matters > Adversary Proceedings > General Overview

Evidence > Types of Evidence > Judicial Admissions > General Overview

Evidence > Types of Evidence > Judicial

Heidi Sharp

2004 Bankr. LEXIS 265, *1

Admissions > Pleadings

Evidence > Judicial Notice > Adjudicative Facts > General Overview

**HN1**[⤓] **Case Administration, Notice**

While a court may not take judicial notice sua sponte of facts contained in debtor's file that are disputed, it may take judicial notice of adjudicative facts not subject to reasonable dispute and so long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority. Moreover, factual assertions in pleadings, which have not been superceded by amended pleadings, are judicial admissions against the party that made them.

Bankruptcy Law > Procedural Matters > Adversary Proceedings > Defenses & Objections

Civil Procedure > Preliminary Considerations > Venue > General Overview

Bankruptcy Law > Procedural Matters > Adversary Proceedings > General Overview

Bankruptcy Law > Procedural Matters > Venue > General Overview

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Waiver & Preservation of Defenses

Civil Procedure > ... > Pleadings > Amendment of Pleadings > General Overview

Civil Procedure > ... > Pleadings > Time Limitations > General Overview

**HN2**[⤓] **Adversary Proceedings, Defenses & Objections**

*Fed. R. Civ. P. 12(h)*, as incorporated by *Fed. R. Bankr. P. 7012*, provides that the defense of improper venue is waived unless asserted in a pre-answer motion under *Fed. R. Civ. P. 12* or included in a responsive pleading or amendment of such pleading under Rule 15(a). *Fed. R. Civ. P. 12(h)*. Once venue is waived, even by mistake of law, it may not be reasserted.

Civil Procedure > Preliminary

Considerations > Venue > General Overview

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Waiver & Preservation of Defenses

**HN3**[⤓] **Preliminary Considerations, Venue**

See *Fed. R. Civ. P. 12(h)(1)*.

Civil Procedure > Preliminary Considerations > Venue > General Overview

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > General Overview

Civil Procedure > ... > Defenses, Demurrers & Objections > Affirmative Defenses > General Overview

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Motions to Dismiss

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Waiver & Preservation of Defenses

**HN4**[⤓] **Preliminary Considerations, Venue**

*Fed. R. Civ. P. 12(b)(3)* provides an exception to the requirement that every defense be asserted in the responsive pleading with respect to the defense, inter alia, of improper venue. At the option of the pleader, such defense may also be made by motion. However, while there are two procedural vehicles to raise the defense of improper venue, it must be raised or it will be deemed waived.

Civil Procedure > Preliminary Considerations > Venue > General Overview

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Waiver & Preservation of Defenses

**HN5**[⤓] **Preliminary Considerations, Venue**

The policy underlying *Fed. R. Civ. P. 12(h)* stems from the judicially recognized principle that *28 U.S.C.S. § 1391* vests a defendant with a privilege, rather than a right, to attack a claim on the grounds of improper

venue, and privileges, unlike inalienable rights, can be lost if not asserted in a timely fashion. In addition, *Fed. R. Civ. P. 12(h)* serves the purpose of early and expeditious determination of whether the trial court should proceed further with the action.

Civil Procedure > Preliminary Considerations > Venue > Corporations

Civil Procedure > Preliminary Considerations > Venue > General Overview

Civil Procedure > ... > Responses > Defenses, Demurrers & Objections > Waiver & Preservation of Defenses

*HN6*[ ]  **Venue, Corporations**

The strong policy to conserve judicial time and effort requires that preliminary matters such as defective service, personal jurisdiction and venue should be raised and disposed of before the trial court considers the merits or quasi merits of a controversy.

**Counsel:** For PLAINTIFF: Mark D. Pfeiffer, Esquire, ADELMAN LAVINE GOLD AND LEVIN, P.C., Philadelphia, PA.

For DEFENDANT: Mark W. Trapani, Esquire, Detroit, MI.

For DEFENDANT: Michael P. Morton, P.A., Wilmington, DE.

UNITED STATES TRUSTEE: Dave P. Adams, Esquire, Office of the U.S. Trustee, Philadelphia, PA.

**Judges:** DIANE WEISS SIGMUND, United States Bankruptcy Judge.

**Opinion by:** DIANE WEISS SIGMUND

# Opinion

## MEMORANDUM OPINION

**BY: DIANE WEISS SIGMUND, United States Bankruptcy Judge**

Before the Court is the Motion of Northwood/National

Provider Network LLC ("Defendant") for Change of Venue (the "Motion") pursuant to *Fed. R. Bankr. P. 7087 and 9014*. The Defendant seeks a change of venue to the Eastern District of Michigan based on a forum selection provision that is part of the arbitration clause included in the Provider and Network Participation Agreement between Plaintiff and Defendant. For the reasons that follow, **[*2]** I need not decide whether the forum selection and arbitration clause (the "Clause") is otherwise enforceable as I conclude that Defendant waived its right to insist on application of the contractual forum selection provision in this litigation.

## BACKGROUND

On April 18, 2003 Matthew Dangel ("Plaintiff"), in his capacity as Unsecured Claims Administrator of Beckett Healthcare, Inc. ("Debtor"), filed a Complaint seeking $ 33,992.65, together with interest and attorneys' fees based on Debtor's provision of healthcare services to Defendant. Defendant filed an Answer and Affirmative Defenses on July 18, 2003 after being granted two extensions of the time to answer. [1] Notably the document does not plead improper venue as one of its

---

[1] Defendant failed to elicit any evidence in support of the Motion, referring to the Agreement, the procedural posture of this case and focusing on the issue of the enforceability of an arbitration clause in bankruptcy proceedings. As my decision is based on the Defendant's actions during this litigation, I shall take judicial notice of the docket entries in this case and refer to the pleadings that the Defendant has filed. *Fed.R.Evid. 201*, incorporated in these proceedings by *Fed.R.Bankr.P. 9017*. See *Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1200 n.3 (3d Cir. 1991)*; *Levine v. Egidi, 1993 U.S. Dist. LEXIS 2886, 1993 WL 69146, at *2 (N.D. Ill. 1993)*; *Paolino v. Brener (In re Paolino), 1991 Bankr. LEXIS 2203, 1991 WL 284107, at *12 n. 19 (Bankr. E.D. Pa. 1991)*; see generally *Nantucket Investors II v. California Fed. Bank (In re Indian Palms Assocs.), 61 F.3d 197 (3d Cir. 1995)*. *HN1*[ ] While a court may not take judicial notice *sua sponte* of facts contained in the debtor's file that are disputed, *In re Aughenbaugh, 125 F.2d 887 (3d Cir. 1942)*, it may take judicial notice of adjudicative facts "not subject to reasonable dispute … [and] so long as it is not unfair to a party to do so and does not undermine the trial court's factfinding authority." *In re Indian Palms Assoc., 61 F.3d 197, 205 (3d Cir. 1995)* (*citing Fed.R.Evid. 201(f)* advisory committee note (1972 proposed rules). Moreover, "factual assertions in pleadings, which have not been superceded by amended pleadings, are judicial admissions against the party that made them. E.g., *Larson v. Gross Bank, 204 B.R. 500, 502 (W.D. Tex. 1996)*; *In re Musgrove, 187 B.R. 808 (Bankr. N.D. Ga. 1995)*.

affirmative defenses nor does it admit or deny the Plaintiff's allegation of venue, stating that to be a legal issue to which it need not respond.

 [*3]  On August 1, 2003 notice of an arbitration hearing to be held on November 6, 2003 was provided. On October 2, 2003 Defendant filed its *Rule 26(a)* disclosures with this Court. On November 3, 2003 a new notice was issued reflecting the parties apparent consent to continue the November 6 arbitration proceeding until December 5, 2003. That notice stated that there would be no further continuances without an order of this Court.

The first indication of Defendant's intention to rely on the Clause [2] **[*4]**  appears in its initial motion for change of venue and adjournment of arbitration hearing filed on December 4, 2003. [3] With the arbitration scheduled for 9:30 a.m. on December 5, 2003, this request did not come to my attention until the morning of December 5 at which time the arbitration had commenced. Defendant's counsel indicates that the arbitrators were advised that Defendant had filed a motion to change venue. What Plaintiff responded and how the arbitrators reacted to the advice is unknown other than the arbitration was not adjourned. On December 5, 2003 the arbitration award was entered in favor of the Plaintiff and against the

---

[2] The Motion states that "Plaintiff had refused Defendant's numerous requests for change of venue." Motion P 10. As stated above, there was no testimony provided so that fact has not been established. In any event, it is at best irrelevant to my decision since no steps were taken in this proceeding to advance that position. One would assume that the Plaintiff's failure to consent to the change of venue would have made Plaintiff realize that some action was required if it wished to enforce the Clause.

[3] The document was dated December 2, 2003 and the certificate of service indicates that it was sent by regular mail to Plaintiff's counsel. Given its receipt by the Court on December 4, it appears that the motion was mailed to the Court as well. Defendant is represented by Paula Osborne, Esquire of Butzel Long, P.C., a Detroit, Michigan firm. (Co-counsel is Michael Morton, P.A., a Wilmington, Delaware attorney and member of the bar of this Court who filed a *pro hac vice* application for Osborne on December 18 when this Motion was filed.) While I do not know why Defendant waited to the last hour to file the Motion, one would have at least expected counsel to expedite the transmittal of the motion if it were intent on securing consideration of the motion prior to the arbitration hearing.

Defendant in the amount of $ 34,0848.45. [4]

 [*5]  On December 17, 2004 Defendant renewed its motion for **change of venue** by filing the Motion *sub judice*. In response, Plaintiff contends that Defendant failed to timely invoke and therefore waived this affirmative defense.

## DISCUSSION

A.

*Federal Rule of Civil Procedure 12(h)*, **HN2**[⬆] [5] **[*6]** as incorporated by *Federal Rule of Bankruptcy Procedure 7012*, provides that the defense of improper venue is waived unless asserted in a pre-answer motion under *Rule 12* or included in a responsive pleading or amendment of such pleading under *Rule 15(a)*. [6] Fed. R. Civ. P. *12(h)*. See also *South Seas Catamaran, Inc. v. Motor Vessel "Leeway", 120 F.R.D. 17, 20 (D.N.J. 1988)* (observing with case citation that waiver of the defense of improper venue unless asserted under *Rule*

---

[4] Defendant's filed a notice of appeal of the award on February 10, 2004 contending that the award should be set aside due to the pendency of the motion for change of venue which had not been decided and the pendency of the Motion sub judice. Defendant has not requested a trial *de novo* which is the procedural vehicle for contesting an arbitration award. It is not clear to which court the appeal is directed. A notice of appeal of a judgment of this court to the district court deprives me of jurisdiction over the matters dealt with by the judgment. As best as I can discern from the docket, it does not appear that a judgment was entered. In any event, the issue of whether Defendant is entitled to a change of venue has not been decided and was presented to me a second time after the award was issued. Accordingly, I will proceed to render a decision on that limited question.

[5] *Fed. R. Civ. P. 12(h)* provides, in relevant part:

> (1) **HN3**[⬆] A defense of … improper venue … is waived … (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by *Rule 15(a)* to be made as a matter of course.

[6] *Fed. R. Civ. P. 12(b)(3)* **HN4**[⬆] provides an exception to the requirement that every defense be asserted in the responsive pleading with respect to the defense, inter alia, of improper venue. At the option of the pleader, such defense may also be made by motion. However, while there are two procedural vehicles to raise the defense of improper venue, it must be raised or it will be deemed waived.

*12* or pled under *Rule 15(a)* has been universally accepted by the federal courts). [7] Once venue is waived, even by mistake of law, it may not be reasserted. *United Rubber, etc. v. Lee Rubber & Tire Corp., 269 F. Supp. 708, 714* (*citing Davis v. Smith, 253 F.2d 286, (3d Cir. 1958))*.

The rationale underpinning *Rule 12(h)* was articulated by the **[*7]** South Seas Catamaran court as follows:

> *HN5*[↑] The policy underlying *Rule 12(h)* stems from the judicially recognized principle that *28 U.S.C. § 1391* vests a defendant with a privilege, rather than a right, to attack a claim on the grounds of improper venue, and privileges, unlike inalienable rights, can be lost if not asserted in a timely fashion. [citation omitted]. In addition, *Rule 12(h)* "… serves the purpose of early and expeditious determination of whether the court should proceed further with the action."

*120 F.R.D. at 20* [8] (*quoting United Rubber, 269 F. Supp. at 714*). Indeed, the Third Circuit Court of Appeals has noted on more than one occasion that *HN6*[↑] the strong policy to conserve judicial time and effort requires that "preliminary matters such as defective service, personal jurisdiction and venue should be raised and disposed of before the court considers the merits or quasi merits of a controversy." *Wyrough & Loser, Inc. v. Pelmor Labs, Inc., 376 F.2d 543, 547 (3d Cir. 1967)*; accord *Bel-Ray Company, Inc. v. Chemrite (PTY) Ltd., 181 F.3d 435, 443 (3d Cir. 1999)*. Given **[*8]** the "twin goals" of the court-annexed arbitration program [9] of

---

[7] See, e.g., *Stjernholm v. Peterson, 83 F.3d 347, 349 (10th Cir. 1996)*; **Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)**; *Concession Consultants, Inc. v. Mirisch, 355 F.2d 369, 371 n.1 (2d Cir. 1966)*; *Paragon Int'l, N.V. v. Standard Plastics, Inc., 353 F. Supp. 88, 89 (S.D.N.Y. 1973)*; *United Rubber, Cork, Linoleum and Plastic Workers of America, Local 102 v. Lee Rubber & Tire Corp., 269 F. Supp. 708, 714 (D.N.J. 1967)*, aff'd, *394 F.2d 362 (3d Cir.)*, cert. denied, **393 U.S. 835, 89 S. Ct. 108, 21 L. Ed. 2d 105, (1968)**.

[8] The court noted that the only exception to the waiver provision contained in *Rule 12(h)* occurs where the complaint either fails to give the defendant sufficient information with which to attack the propriety of venue or fraudulently induces defendant to believe that the suit has been brought in the proper judicial district. Id. Clearly the exception is not implicated in this case.

[9] Local *Rule 53.2* provides for compulsory arbitration in most civil cases seeking money damages under $ 150,000.

"reducing cost and delay in civil litigation," *District Local Rule 53.2*, the policy articulated in *Wyrough* and reiterated in *Bel-Ray* has special relevance to this matter. See United States District Court for the Eastern District of Pennsylvania: Civil Justice Expense and Delay Reduction Plan at 70, available at *http://www.paed.uscourts.gov/documents/cjraplan/cjraplan.pdf*.

B.

Plaintiff's complaint asserted proper venue. [10] Defendant's **[*9]** answer merely stated that Plaintiff's assertion called for a legal conclusion and therefore required no answer. Defendant presented no factual averments in its answer concerning the contractual provisions it now seeks to enforce, and Defendant's "Affirmative Defenses" as set forth in its answer did not raise a defense of improper venue. Nor did Defendant opt for the alternative procedure for raising this affirmative defense by filing a motion under *Rule 12(b)*. Accordingly, application of Federal *Rule 12(h)* dictates the outcome of this Motion. The defense of improper venue has been waived.

Defendant's conduct after the pleadings were joined further support this result. After filing its answer, it participated in discovery by filing is *Rule 26* disclosures. It entered into an agreement to continue the arbitration hearing. It was not until the day before the rescheduled arbitration **[*10]** proceeding that Defendant first asserted improper venue in a pleading filed with the Court. That initial motion was not filed consistent with the Court's rules on local motion practice but rather was lodged as an expedited motion. The emergency was one of the Defendant's own making since the Complaint had been filed almost eight months before. Moreover, even the emergency motion was procedurally defective in not being presented with sufficient time to have a hearing on notice scheduled prior to the arbitration. The Defendant had been advised that the arbitrators would not adjourn the arbitration hearing without a court order. Defendant took no steps to secure such an order to allow its demand for a change of venue to be considered prior to the arbitration hearing. Thus while Defendant states that it notified the arbitrators at the hearing of its pending motion for change of venue, its failure to timely present such a motion undermines that contention. On December 5 the arbitration was ready to

---

[10] Paragraph 8 of Plaintiff's complaint reads, "Venue is proper in this district pursuant to *28 U.S.C. § 1409*."

proceed based on the agreed date set on November 3rd-- arbitrators, parties and witnesses were present. That a motion filed on the eve of a trial could abort that proceeding by presenting a new **[*11]** affirmative defense would contravene the policies of speed and efficiency underlying both the Federal Rules of Procedure and the arbitration program. Defendant's implicit submission to venue through its conduct in this case further supports my conclusion that it waived its right to object to venue.

C.

Having recognized that the Defendant has waived its right to a ***change of venue***, it remains for this Court to determine the next step in this adversary proceeding. At the hearing on this Motion, the parties engaged in a colloquy with the Court concerning this issue. Plaintiff took the position that Defendant's failure to request a trial de novo within 30 days of the entry of the arbitrator's award was a ***waiver*** of the right to a trial before this Court. [11] See District Local *Rule 53.2* (parties my file a motion for trial *de novo* for 30 days following the entry of an arbitration award). Defendant stated that it had not been served with the award so that it was unaware that the thirty day period had commenced. While this collateral dispute has not been framed in a motion before the Court, in the interests of managing my docket and the Chapter 11 case, I find that I can proceed with **[*12]** the trial of this adversary proceeding without further motion and hearing. The Defendant's conduct in this case, while not preserving the improper venue defense, has nonetheless made it clear that it did not consent to the entry of a judgment based on the arbitrator's award. The first motion for change of venue was lodged the day before the hearing. As it was not withdrawn, there is certainly cause to conclude that Defendant did not accept the arbitrators' award as final. That its objection to the award did not expressly request a trial *de novo* is not dispositive in this case. Requesting a trial *de novo* would have been inconsistent with Defendant's contention that the proper venue for adjudication of the dispute is the Eastern District of Michigan. The thirty day filing requirement is intended to provide closure on litigation by deeming a party's silence to be an acceptance of the arbitrator's award. No such consent can be found in this case. Accordingly, I shall provide for the submission of a joint pretrial statement by the parties preparatory to setting this case down for trial.

---

[11] Plaintiff also asserts this ground as a supplemental objection to the Motion.

**[*13]** An Order consistent with this Memorandum Opinion shall issue.

DIANE WEISS SIGMUND

United States Bankruptcy Judge

Dated: February 24, 2004

## ORDER

**AND NOW**, this 24th day of February 2004, upon consideration of the Motion of Northwood/National Provider Network LLC ("Defendant") for Change of Venue (the "Motion") pursuant to *Fed. R. Bankr. P. 7087 and 9014*, after notice and hearing, and for the reasons stated in the accompanying Memorandum Opinion;

It is hereby **ORDERED** and **DECREED** that:

1. The Motion is **DENIED**.

2. On or before **MARCH 26, 2004**, the parties shall file a joint pretrial statement and file a copy with chambers. The joint pretrial statement shall be signed by all counsel. It is the obligation of the plaintiff's counsel to initiate the procedures for its preparation and to assemble and submit the proposed pretrial statement to the court. Plaintiff's counsel shall submit a proposed joint pretrial statement to defendant's counsel not less than 7 days prior to the deadline for its submission to the Court.

Counsel are expected to make a diligent effort to prepare **[*14]** a proposed pretrial statement in which will be noted all of the issues on which the parties are in agreement and all of those issues on which they disagree. The proposed pretrial order shall govern the conduct of the trial and shall supersede all prior pleadings in the case. Amendments will be allowed only in exceptional circumstances and to prevent manifest injustice. Failure of any party to timely file the pretrial statement may result in the imposition of sanctions by the Court.

The joint pretrial statement shall be in the following form:

    I. Basis of jurisdiction. (including a statement whether this matter is core or non-core). If the matter is noncore, the parties shall state whether they consent to the court's entry of a final order pursuant to *28 U.S.C. § 157(c)(2)*. If the parties disagree, they shall each cite to relevant authority

to support their positions.

II. Statement of uncontested facts.

III. Statements of facts which are in dispute. [No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial, or genuinely challenges the fact on credibility grounds.]

IV. [*15] Damages or other relief. A statement of damages claimed or relief sought. A party seeking damages shall list each item claimed under a separate descriptive heading, shall provide a detailed description of each item and state the amount of damages claimed. A party seeking relief other than damages shall list the exact form of relief sought with precise designations of persons, parties, places and things expected to be included in any order providing relief.

V. Legal issues presented and the constitutional, statutory, regulatory and decisional authorities relied upon. (Counsel should include a brief statement regarding which party has the burden of proof on each legal issue.)

VI. Witnesses listed in the order they will be called along with a brief statement of the evidence the witness will give. Witnesses shall be classified between those who any party expects to present and those whom any party may call if the need arises. If not already provided to all parties, the address and telephone number of each witness shall be disclosed.

VII. A list of all exhibits to be offered into evidence which shall be serially numbered and physically marked before trial in [*16] accordance with the schedule. All objections (other than relevancy) to any of the exhibits shall be listed, specifying the nature thereof, under the exhibit. Exhibits to which objections are not listed shall be admitted at trial and objections not listed on the joint pretrial statement will not be allowed at trial. Documents which a party may offer if the need arises shall be separately identified.

VIII. A list of each discovery item deposition to be offered into evidence. (Counsel shall designate by page portion of deposition testimony and by number the interrogatories which shall be offered in evidence at trial.)

IX. Estimated trial time

X. A certification that the parties have attempted good faith settlement discussions without success.

DIANE WEISS SIGMUND

United States Bankruptcy Judge

---

**End of Document**