# Exhibit J

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JONATHAN GREENBERG, CHRISTOPHER GALE, ROBERT GIZA, and MICHAEL TURRIZIANI, | : : : : | |
| Plaintiffs, | : : | CIVIL ACTION |
| v. | : : | Case No.: 24-CV-2521 |
| JOHNSON CONTROLS, INC., | : : : | |
| Defendant. | : | |

**DEFENDANT'S INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Johnson Controls, Inc. ("Defendant" or "JCI") makes the following initial disclosures:

1. **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

   a. Jonathan Greenberg (Plaintiff), c/o Plaintiff's Counsel, likely has discoverable information regarding the allegations in the Complaint; information supporting Defendant's defenses; information regarding Plaintiff's claims for damages; his employment with JCI; his receipt of the applicable FY2023 and FY2024 Sales Incentive Plans; and his receipt of the October 31, 2023 Email regarding Sales Incentives and FAQs.

   b. Christopher Gale (Plaintiff), c/o Plaintiff's Counsel, likely has discoverable information regarding the allegations in the Complaint; information supporting Defendant's defenses; information regarding Plaintiff's claims for damages; his employment with JCI; his receipt of the applicable FY2023 and FY2024 Sales Incentive Plans; and his receipt of the October 31, 2023 Email regarding Sales Incentives and FAQs.

   c. Robert Giza (Plaintiff), c/o Plaintiff's Counsel, likely has discoverable information regarding the allegations in the Complaint; information supporting Defendant's defenses; information regarding Plaintiff's claims for damages; his employment with JCI; his receipt of the applicable FY2023 and FY2024 Sales Incentive Plans; and his receipt of the October 31, 2023 Email regarding Sales Incentives and FAQs.

    d.    Michael Turriziani (Plaintiff), c/o Plaintiff's Counsel, likely has discoverable information regarding the allegations in the Complaint; information supporting Defendant's defenses; information regarding Plaintiff's claims for damages; his employment with JCI; his receipt of the applicable FY2023 and FY2024 Sales Incentive Plans; and his receipt of the October 31, 2023 Email regarding Sales Incentives and FAQs.

    e.    Aubrey Kallenberger (Senior Consultant – Total Rewards for JCI), c/o Defendant's Counsel, has discoverable information regarding the allegations in the Complaint; information supporting Defendant's defenses; the applicable FY2023 and FY2024 Sales Incentive Plans; and the October 31, 2023 Email regarding Sales Incentives and FAQs.

    f.    Blake Ewing (Senior Director of Global Performance Incentives for JCI), c/o Defendant's Counsel, has discoverable information regarding the allegations in the Complaint; information supporting Defendant's defenses; the applicable FY2023 and FY2024 Sales Incentive Plans; and the October 31, 2023 Email regarding Sales Incentives and FAQs.

    g.    Any witness disclosed by Plaintiffs.

    h.    All individuals identified in discovery as having knowledge or information relevant to the claims and/or defenses in this action.

2.    **A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

    a.    Certain JCI policies and procedures;

    b.    Documents related to each Plaintiff's employment with JCI;

    c.    The FY 2023 Sales Incentive Plans applicable to each Plaintiff;

    d.    The FY 2024 Sales Incentive Plans applicable to each Plaintiff

    e.    October 31, 2023 Email regarding Sales Incentives and FAQs

3.    **A computation of each category of damages claimed by the disclosing party— who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

As of the date of these initial disclosures, Defendant is not seeking damages against Plaintiffs. However, if Defendant is the prevailing party, it will seek to recover, as permitted by law, all reasonable attorneys' fees, experts' fees, costs, and expenses in connection with the defense of this action.

**4.    For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

At this time, Defendant does not believe there are any insurance coverages or agreements for indemnification applicable to this matter. Should Defendant become informed otherwise, it will supplement these disclosures.

The foregoing is based upon Defendant's investigation to date and in response to the allegations made in Plaintiffs' Complaint. Defendant reserves the right to supplement these Initial Disclosures as the case proceeds.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ Lee E. Tankle*
Lee E. Tankle, Esq.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2831 (Phone)
lee.tankle@ogletree.com

Brian D. Lee, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 630-2306 (Phone)
Brian.Lee@ogletree.com

Dated: August 9, 2024                        *Attorneys for Defendant*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JONATHAN GREENBERG, : 
CHRISTOPHER GALE, ROBERT GIZA, : 
and MICHAEL TURRIZIANI, : 
                 : 
              Plaintiffs, :               CIVIL ACTION
                 : 
         v. :               Case No.: 24-2521
                 : 
JOHNSON CONTROLS, INC., : 
                 : 
              Defendant. : 

## CERTIFICATE OF SERVICE

I hereby certify that Defendant's Initial Disclosures were served upon the following via e-mail and U.S. First Class Mail on the date set forth below:

Heidi T. Sharp
The Sharp Firm
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
heidi@sharpfirmlaw.com

Lawrence D. Kerr
Tremba, Kinney, Greiner & Kerr LLC
302 West Otterman Street
Greensburg, PA 15601
Lkerr@westpalawyers.com

Attorneys for Plaintiff


                         */s/ Brian D. Lee*
Dated: August 9, 2024           Brian D. Lee, Esq.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JONATHAN GREENBERG, CHRISTOPHER GALE, ROBERT GIZA, and MICHAEL TURRIZIANI, | : : : : | CIVIL ACTION |
| | : | Case No.: 2:24-cv-02521 |
| Plaintiffs, | : : | |
| v. | : : : | |
| JOHNSON CONTROLS, INC., | : : | |
| Defendant. | : : | |

**DEFENDANT'S OBJECTIONS AND ANSWERS TO PLAINTIFFS'
FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Johnson Controls, Inc. (hereinafter "JCI"), by and through its undersigned attorneys, objects to and answers Plaintiffs Jonathan Greenberg, Christopher Gale, Robert Giza, and Michael Turriziani's ("Plaintiffs") First Set of Interrogatories. All responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve and preserving:

1.      All objections as to competency, relevance, materiality, privilege, and admissibility of evidence for any purpose in any subsequent proceeding or trial of this or any other action.

2.      The right to object to the use of any of these responses, or the documents identified and/or produced, in any subsequent proceeding or the trial of this or any other action on any ground;

3.      The right to object on any ground at any time to a demand for further response to these or any other discovery proceedings involving or relating to the subject matter of the interrogatories; and

4.      The right to supplement and/or amend these responses based upon the discovery of additional documents and/or information.

**OBJECTIONS TO INTRODUCTORY PARAGRAPHS;
DEFINITIONS AND INSTRUCTIONS**

JCI object to the Definitions and Instructions in the Interrogatories to the extent that any definition or instruction seeks to impose obligations on JCI which are beyond the scope of and/or not required by the Federal Rules of Civil Procedure.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

1.      Identify each person responding to these discovery requests, including their names, title, last known addresses, and telephone numbers.

**RESPONSE:  JCI objects to this interrogatory as it seeks information that is protected from disclosure by the attorney-client or other privilege(s). JCI further objects to this interrogatory as it is not relevant to Plaintiffs' breach of contract claim. Subject to and without waiving this objection, please see the enclosed verification of Blake Ewing (Senior Director of Global Incentives) c/o Lee E. Tankle, Esquire, Ogletree Deakins, 1735 Market Street, Suite 3000, Philadelphia, PA 19103; 215.995.2831.**

2.      Please provide the name, job title, last known address, last known phone numbers, and last known e-mail addresses of each individual who has supervised each Plaintiff in their employment with Defendant at any time.

**RESPONSE:  JCI objects to this interrogatory because it is overbroad, unduly burdensome, and seeks information regarding "each" individual who has ever supervised each Plaintiff dating back to 2005. Collecting and providing such information is not proportional to the needs of the case considering the importance of the issues at stake in the action. JCI further objects to this interrogatory because it seeks information equally available to Plaintiffs or already known to Plaintiffs. JCI further objects to this interrogatory because it is not relevant to Plaintiffs' breach of contract claim. Subject to and without waiving these objections, the following individuals directly supervised each Plaintiff from January 1, 2022 through the present:**

**Greenberg's Supervisors: Vincent Jason and David Wilkie c/o Lee E. Tankle, Esquire, Ogletree Deakins, 1735 Market Street, Suite 3000, Philadelphia, PA 19103; 215.995.2831.**

**Gale's Supervisors: David Wilkie and Michael Gonnella c/o Lee E. Tankle, Esquire, Ogletree Deakins, 1735 Market Street, Suite 3000, Philadelphia, PA 19103; 215.995.2831.**

**Giza's Supervisors: David Wilkie and Michael Gonnella c/o Lee E. Tankle, Esquire, Ogletree Deakins, 1735 Market Street, Suite 3000, Philadelphia, PA 19103; 215.995.2831.**

**Turriziani's Supervisors: Vincent Jason and David Wilkie c/o Lee E. Tankle, Esquire, Ogletree Deakins, 1735 Market Street, Suite 3000, Philadelphia, PA 19103; 215.995.2831.**

*See also* **documents produced in response to Plaintiffs' Document Requests.**

3.      Describe how each Plaintiffs' compensation was determined or calculated for each year in which he was employed and provide any documents which support your answer.

**RESPONSE:  JCI objects to this interrogatory because it is overbroad, unduly burdensome, and seeks information regarding how compensation was determined or calculated for four separate individuals over the course of 14 years (Greenberg), 16 years (Gale), 20 years (Giza), and 13 years (Turriziani). Collecting and providing such information for a total of 63 years**

is not proportional to the needs of the case considering the importance of the issues at stake in the action and the fact that Plaintiffs only seek compensation they claim is owed to them for projects which were incomplete as of September 30, 2023. JCI also objects to the interrogatory because the definition of "compensation" is vague. JCI also objects to this interrogatory to the extent it seeks information that is not within the knowledge, possession, or control of JCI. JCI also objects to this interrogatory as it is not relevant to Plaintiffs' breach of contract claim. Subject to and without waiving these objections:

### Greenberg

- In FY2023, Greenberg was paid a base annual salary of $96,405.66 through December 25, 2022 when his base annual salary was increased to $99,297.90. He was eligible to earn incentives in accordance with the express terms of the SIP BSNA HVAC Account Sales Reps (SC04) Incentive Plan. He was also eligible to enroll in standard health, welfare, retirement, and other employee benefit plans.

- In FY2024, Greenberg was paid a base annual salary of $99,297.90 through December 24, 2023 when his base annual salary was increased to $102,607.70. He was eligible to earn incentives in accordance with the express terms of the SIP BSNA HVAC Equipment Sales Account Executive (SC14) Incentive Plan. He was also eligible to enroll in standard health, welfare, retirement, and other employee benefit plans.

### Gale

- In FY2023, Gale was paid a base annual salary of $86,089.64 through December 25, 2022 when his base annual salary was increased to $90,135.76. He was eligible to earn incentives in accordance with the express terms of the SIP BSNA HVAC Smart Buildings Sales Rep (SCPJ) Incentive Plan. He was also eligible to enroll in standard health, welfare, retirement, and other employee benefit plans.

- In FY2024, Gale was paid a base annual salary of $114,784.80. He was eligible to earn incentives in accordance with the express terms of the SIP Install Rep BSNA HVAC (B405) Incentive Plan. He was also eligible to enroll in standard health, welfare, retirement, and other employee benefit plans.

### Giza

- In FY2023, Giza was paid a base annual salary of $92,350.44 through December 25, 2022 when his base annual salary was increased to $95,121.00. He was eligible to earn incentives in accordance with the express terms of the SIP BSNA HVAC Smart Buildings Sales Rep (SCPJ) Incentive Plan. He was also eligible to enroll in standard health, welfare, retirement, and other employee benefit plans.

- In FY2024, Giza was paid a base annual salary of $123,467.24. He was eligible to earn incentives in accordance with the express terms of the SIP Install Rep BSNA

**HVAC (B405) Incentive Plan. He was also eligible to enroll in standard health, welfare, retirement, and other employee benefit plans.**

**Turriziani**

- **In FY2023, Turriziani was paid a base annual salary of $84,352.84 through December 25, 2022 when his base annual salary was increased to $87,845.16. He was eligible to earn incentives in accordance with the express terms of the SIP BSNA HVAC Account Sales Reps (SC04) Incentive Plan. He was also eligible to enroll in standard health, welfare, retirement, and other employee benefit plans.**

- **In FY2024, Turriziani was paid a base annual salary of $87,845.16 through December 24, 2023 when his base annual salary was increased to $90,773.28. On April 28, 2024, his base annual salary changed to $72,000.24 as the result of a job change. He was eligible to earn incentives in accordance with the express terms of the SIP Domain or Territory Field Rep BSNA HVAC (B407) Incentive Plan and the SIP BSNA HVAC Equipment Sales Account Executive (SC14) Incentive Plan for the respective terms under which each of those plans applied. He was also eligible to enroll in standard health, welfare, retirement, and other employee benefit plans.**

**Base annual salary is generally calculated based on a variety of factors including, but not limited to, the grade of the position, experience upon entry into the role, the amount of time in the role, and performance history. *See also* documents produced in response to Plaintiffs' Document Requests.**

4.      With respect to each person who you believe may have knowledge of any of the facts of this case, including each of the allegations in the Complaint or those upon which you will rely to support your defenses, or may have discoverable material concerning this case, state:

      a.     name;

      b.     address;

      c.     telephone numbers;

      d.     email addresses;

      e.     facts you have reason to believe the person may have; and

      f.     why you believe the person may have such knowledge.

**RESPONSE: JCI objects to this interrogatory because it is overbroad and unduly burdensome. JCI further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the attorney-work product doctrine. JCI also objects to this interrogatory to the extent it is intended to restrict JCI's presentation of evidence. Subject to and without waiving these objections, JCI responds as follows:**

4

- **Blake Ewing (Senior Director of Global Incentives) c/o Lee E. Tankle, Esquire, Ogletree Deakins, 1735 Market Street, Suite 3000, Philadelphia, PA 19103; 215.995.2831. Ms. Ewing is expected to have knowledge regarding the design and implementation of JCI's Sales Incentive Plans.**

- **Jonathan Greenberg (Plaintiff) c/o Plaintiff's counsel is expected to have information regarding the allegations in the Complaint; information supporting JCI's defenses; information regarding Plaintiff's claims for damages; his employment with JCI; his receipt of the applicable FY2023 and FY2024 Sales Incentive Plans; and his receipt of the October 31, 2023 Email regarding Sales Incentives and FAQs.**

- **Christopher Gale (Plaintiff) c/o Plaintiff's counsel is expected to have information regarding the allegations in the Complaint; information supporting JCI's defenses; information regarding Plaintiff's claims for damages; his employment with JCI; his receipt of the applicable FY2023 and FY2024 Sales Incentive Plans; and his receipt of the October 31, 2023 Email regarding Sales Incentives and FAQs.**

- **Robert Giza (Plaintiff) c/o Plaintiff's counsel is expected to have information regarding the allegations in the Complaint; information supporting JCI's defenses; information regarding Plaintiff's claims for damages; his employment with JCI; his receipt of the applicable FY2023 and FY2024 Sales Incentive Plans; and his receipt of the October 31, 2023 Email regarding Sales Incentives and FAQs.**

- **Michael Turriziani (Plaintiff) c/o Plaintiff's counsel is expected to have information regarding the allegations in the Complaint; information supporting JCI's defenses; information regarding Plaintiff's claims for damages; his employment with JCI; his receipt of the applicable FY2023 and FY2024 Sales Incentive Plans; and his receipt of the October 31, 2023 Email regarding Sales Incentives and FAQs.**

5.      Please indicate the names and last known address, telephone number, and employment status of every person from whom Defendant has taken a statement, oral, written, or recorded, on matters relevant to this litigation. Also:

   a.      Please provide a copy of all such written statements or documents related to each such communication;

   b.      If not in written form, please indicate who has possession or knowledge of said statement;

   c.      Please indicate the contents of each such statement;

   d.      If such person contacted Defendant, whom did such person contact and when, and who took the statement, if different from the person who was contacted;

   e.      If Defendant contacted such person who made the contact and when, and who took the statement if different from the person who made the contact.

5

**RESPONSE: JCI objects to this interrogatory because it is overbroad and unduly burdensome. JCI further objects to this interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege and/or the attorney-work product doctrine. JCI also objects to the interrogatory because the definition of "statement" is vague. Subject to and without waiving these objections, JCI has not taken a statement, as it understands the term, from any person on matters relevant to this litigation.**

6.      Please state the name, address, telephone number, and email addresses of any person that you may call as a witness in this matter. Also, summarize the expected testimony of each such person.

**RESPONSE:   JCI objects to this interrogatory as premature and invasive of JCI's trial strategy. Subject to and without waiving this objection, JCI reserves the right to call as witnesses any person identified in Plaintiffs' Initial Disclosures, JCI's Initial Disclosures, JCI's answer to Interrogatory #4, or whose identity may become known in the course of continuing investigation and discovery.**

7.      List each document that you believe may contain discoverable information in this case.

**RESPONSE:   JCI objects to this interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous because it seeks "each" document that JCI believes "may" contain discoverable information in this case. It is impossible to identify with reasonable certainty "each" document that "may" contain discoverable information and the burden and expense of attempting to do so would outweigh its benefit. JCI further objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client or other privilege. Subject to and without waiving these objections, please see JCI's responses to Plaintiffs' Document Requests.**

8.      For each and every expert whom the Defendant expects to call as a witness at trial please state:

a.      the individual's full name, address and telephone number;

b.      the date when he or she was first contacted;

c.      the subject matter about which he or she is expected to testify;

d.      the substance of the facts and opinions to which he or she is expected to testify;

e.      a summary of the grounds for each opinion that he or she holds;

f.      whether he or she has previously testified at trial and/or deposition;

g.      and state for each such trial testimony and/or deposition testimony, the complete case caption, date and court where such testimony was given and a summary of the grounds for each opinion that he or she held.

**RESPONSE:  JCI objects to this interrogatory as premature. Subject to and without waiving this objection, JCI has not yet decided whether it will call an expert witness in the trial of**

6

this matter. **To the extent JCI decides to call an expert witness in this matter, it will revise its responses to this interrogatory and otherwise comply with the Federal Rules of Civil Procedure and the Court's Order regarding the production of expert reports.**

9.  Do you intend to use any demonstrative evidence at trial? If so, please provide a complete listing of all demonstrative evidence which you intend to introduce or use at the time of trial. For each item listed in answer to this interrogatory, please indicate:

      a.  the source of the item;

      b.  the date when it was acquired or generated by Defendant, its agents, or its attorneys;

      c.  the name, address, and phone number of the present custodian of such item; and

      d.  the specific purpose of which each item will be offered.

**RESPONSE:   JCI objects to this interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege and the attorney work-product doctrine, in that it seeks to discover the legal theories and strategies of JCI's counsel. JCI further objects to the interrogatory on the grounds that the definition of "demonstrative evidence" is vague and ambiguous. Subject to and without waiving these objections, JCI will comply with the Federal Rules of Civil Procedure and the Court's orders/policies and procedures regarding the use of "demonstrative evidence."**

10.  Please state the date that Defendant contends it amended, modified, or terminated the FY2023 Incentive Plan that applies to each Plaintiff in this action and the content of each amendment, modification or termination.

**RESPONSE:   JCI objects to this interrogatory because it is based on a false premise that JCI contends it amended, modified, or terminated the FY2023 Incentive Plan that applied to each Plaintiff. JCI further objects to this interrogatory because based on its understanding of the word "termination," a termination cannot have any "content." Subject to and without waiving this objection, the FY2023 Incentive Plan that applied to each Plaintiff terminated on September 30, 2023 in accordance with the express terms of the FY2023 Incentive Plan.**

11.  For the time frame October 1, 2022 to present, please state instances where Defendant required any Plaintiff in this action to perform services after the date upon which a job was booked in order to earn commission or wages.

**RESPONSE:  JCI objects to this interrogatory because it is overbroad and identifying each instance when a Plaintiff was required by JCI to perform services after the date upon which a job was booked is unduly burdensome. JCI further objects to this interrogatory because the definition of "services" is vague. JCI further objects to this interrogatory because it is not relevant to Plaintiffs' breach of contract claim. Subject to and without waiving these objections, Plaintiffs were expected to provide customer service and support at all times, including after booking, which would vary for each customer relationship based on that customer's specific needs, but would typically include follow-up meetings or discussions**

**related to installation, answering questions as needed, resolving issues during the life of a project, providing support for any warranty claim issues, and collections.**

12.     Please state the name and contact information for every employee or agent of Defendant who participated in the drafting of the FY2023 and FY 2024 Incentive Plan that applied to each Plaintiff in this action.

**RESPONSE:  JCI objects to this interrogatory because it is not relevant to Plaintiffs' breach of contract claim. JCI further objects to this interrogatory because the phrase "participated in the drafting" is vague and undefined. JCI further objects to this interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous because it is impossible to identify with reasonable certainty "every" employee or agent of JCI who participated in the drafting of the FY2023 and FY2024 Incentive Plans applicable to Plaintiffs and the burden and expense of attempting to do so would outweigh any likely benefit given the issues at stake in the action and the amount in controversy. JCI further objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client or other privilege. Subject to and without waiving these objections, Blake Ewing (Senior Director of Global Incentives) was the principal drafter of the FY2023 and FY2024 Sales Incentive Plans at issue in this action.**

13.     Please state the name and contact information for every employee or agent of Defendant who made the decision to implement the FY2023 incentive Plan and every employe or agent of Defendant who made the decision to implement the FY2024 plan.

**RESPONSE:  JCI objects to this interrogatory because the phrase "made the decision to implement" is vague and undefined.  JCI further objects to this interrogatory because it is not relevant to Plaintiffs' breach of contract claim. JCI further objects to this interrogatory because it is overly broad, unduly burdensome, vague, and ambiguous because it is impossible to identify with reasonable certainty "every" employee or agent of JCI who made the decision to implement the FY2023 and FY2024 Incentive Plans applicable to Plaintiffs and the burden and expense of attempting to do so would outweigh any likely benefit given the issues at stake in the action and the amount in controversy. JCI further objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client or other privilege.**

14.     Please state the name and contact information for every employee or agent of Defendant who participated in or made the decision to pay or not pay commission on or after September 30, 2023 for jobs booked during the FY 2023 Incentive Plan.

**RESPONSE:  JCI objects to the interrogatory because it is not relevant to Plaintiffs' breach of contract claim. JCI further objects to this interrogatory because the phrase "participated in or made the decision to pay or not pay commission" is vague and undefined. JCI further objects to this interrogatory because it is impossible to identify with reasonable certainty "every" employee or agent of JCI who "participated in or made the decision to pay or not pay commission on or after September 30, 2023 for jobs booked during the FY 2023 Incentive Plan" and the burden and expense of attempting to do so would outweigh its benefit given the issues at stake in the action and the amount in controversy. JCI further objects to this**

8

Docusign Envelope ID: 63A1645F-C9E0-4E2C-B7C0-34D8096BA60F

**interrogatory because it presupposes that a JCI employee or agent made the decision to pay or not pay commission on or after September 30, 2023 for jobs booked during the FY2023 Incentive Plan when the unambiguous terms of the FY2023 Incentive Plan provided that (a) it expired on September 30, 2023 and (b) Plaintiffs were not entitled to any commissions that had not yet been earned in accordance with the FY2023 Incentive Plan on September 30, 2023. JCI further objects to this interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client or other privilege.**

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Lee E. Tankle*

Lee E. Tankle, Esq.
1735 Market Street, Suite 3000
Philadelphia, PA 19103
(215) 995-2831 (Phone)
lee.tankle@ogletree.com

Brian D. Lee, Esq.
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
(973) 630-2306 (Phone)
Brian.Lee@ogletree.com

Dated: November 12, 2024                 *Attorneys for Defendant*

9

## **VERIFICATION**

I, Blake Ewing, verify that I am employed by Johnson Controls, Inc. ("JCI") as Senior Director of Global Incentives. I have reviewed the foregoing Answers to Plaintiffs' First Set of Interrogatories to JCI, know the contents thereof, and have been authorized by JCI to sign these Answers on JCI's behalf. The Answers are true and correct to the best of my knowledge, information, and belief, based upon both my personal knowledge and information provided by others.

13-Nov-2024

DATE_____

Signed by:

*Blake Ewing*

823E13D6E2084F4...

_____

Blake Ewing

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| JONATHAN GREENBERG, CHRISTOPHER GALE, ROBERT GIZA, and MICHAEL TURRIZIANI, | : : : : : |
| Plaintiffs, | : CIVIL ACTION : |
| v. | : Case No.: 2:24-cv-02521 : |
| JOHNSON CONTROLS, INC., | : : |
| Defendant. | : : : |

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2024, the foregoing Defendant Johnson Control Inc.'s Answers and General Objections to Plaintiff's First Set of Interrogatories were served upon counsel for Plaintiff, as listed below, by electronic mail:

Heidi T. Sharp
**THE SHARP FIRM**
43260 Garfield Road, Suite 280
Clinton Township, MI 48038
heidi@sharpfirmlaw.com

Lawrence D. Kerr
**TREMBA, KINNEY, GREINER & KERR LLC**
302 West Otterman Street
Greensburg, PA 15601
Lkerr@westpalawyers.com

*Attorneys for Plaintiffs*

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

*/s/ Lee E. Tankle*
Lee E. Tankle, Esq.
*Attorneys for Defendant*