IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JONATHAN GREENBERG, CHRISTOPHER GALE, ROBERT GIZA and MICHAEL TURRIZIANI,

    *Plaintiffs,*

v.

JOHNSON CONTROLS, INC.,

    *Defendant.*

Case No: 24-02521-GAW
Hon. Gail A. Weilheimer

---

## PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF BLAKE EWING AND FOR SANCTIONS FOR REFUSAL TO PRODUCE HER PURSUANT TO FRCP 37(d)(1)

Plaintiffs Jonathan Greenberg, Christopher Gale, Robert Giza and Michael Turriziani, through their counsel at The Sharp Firm PLLC, state the following for their Motion to Compel Deposition of Blake Ewing:

1. Plaintiffs filed this case on June 10, 2024 for their unpaid commissions after Defendant changed its long-held commission plan, which retroactively deprived Plaintiffs of hundred of thousands of dollars in commission for work they already performed.

2. Defendant responded by filing a motion on the pleadings under FRCP 12(b)(6). (ECF No. 9). Defendant did not dispute venue in its first responsive pleading, nor later in its Answer after the Court denied Defendant's motion. (ECF Nos. 18 and 20). Defendant did not plead an affirmative defense related to venue. (ECF No. 20). Defendant did not raise an objection to venue in the Joint 26(f) plan, which was entered on September 11, 2024 (ECF No. 12). Then, on April 14, 2025, Defendant filed a motion to transfer venue in this case. This motion was filed one month after Defendant indicated it intended to do so, again providing no reason for the belated filing. It is significant that this motion was so belated, because Defendant is now using this pending

motion as a reason at the 11th hour to refuse to participate in discovery and in particular produce an essential witness for her deposition which has been scheduled since March 6, 2025.

3. This court held a status conference with the parties via videoconference on January 24, 2025, and the Court asked about other related matters and matters pending in other jurisdictions were recited. It was acknowledged at that time that this matter had entered discovery ahead of the other matters. Again, there was no objection to venue. Further, the parties discussed with the Court the current discovery status and the need to set a new scheduling order to allow sufficient time to complete necessary depositions. At that time, discovery was set to end on July 25, 2025, with dispositive motions to be filed on August 29, 2025.

4. Thereafter, the Plaintiffs continually emailed Defendant's counsel about a response to an outstanding deficiency letter and the need to set deposition dates for the Plaintiffs and Defendant's essential witness, Blake Ewing. Ms. Ewing is essential to this case as Defendant has listed her, <u>and only her, in</u> its disclosures and responses to discovery as the only JCI employee with knowledge regarding the Incentive Plan at issue in this matter. **(Exhibit 1).**

5. Between January 24, 2025 – March 5, 2025, Plaintiffs worked diligently with Defendant's counsel to set a date for Ms. Ewing's deposition. It was finally agreed that she would be produced on May 2, 2025 in Milwaukee, WI. **(Exhibit 2).**

6. Plaintiffs noticed Ms. Ewing's deposition as agreed on March 6, 2025 pursuant to Federal Rule of Civil Procedure 30(b)(1). **(Exhibit 3).** Defendant's counsel has never objected to the date nor indicated that Ms. Ewing was not available on that date. Further, Plaintiffs' counsel indicated that if Defendant would not be producing Ms. Ewing, that they be informed well in advance so this issue could be put before the court timely. Defendant did not respond to that email. **(Exhibit 4).**

7. On March 14, 2025, Defendant indicated that it would be filing a Motion to Change Venue in this matter based upon a filing in another matter against Defendant, but which is unrelated to this case. On the same date, Plaintiffs indicated that it did not stipulate to the change in venue.

8. Defendant waited an entire month before filing its motion on April 14, 2025. (ECF No. 33). Plaintniff responded to the motion on April 24, 2025, well before the 14 days elapsed to respond to a motion. (ECF No. 34).

9. Thereafter, on April 29, 2025, a mere three days before the deposition of Ms. Ewing had been scheduled for the prior two months, Plaintiff was informed by counsel *in another matter, in another state that Ms. Ewing would not be produced in this matter this coming Friday by Defendant.* **(Email 5).** Plaintiff immediately emailed Defendant's counsel in this matter asking to confirm the position.

10. During a call of today's date, Defendant indicated that it was not producing Ms. Ewing and had never been prepared to produce her at the date/time noticed. It did not provide a good reason to withhold her deposition, other than indicating that it was awaiting the outcome of the motion to transfer venue in the hopes that this matter would be moved to Wisconsin and then be under a different discovery order at that time. **(Exhibit 4).**

11. If a party objects to the sequence and timing of any properly noticed depositions, then that party must seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) asking that said depositions be prohibited or stayed until after other discovery has been presented based upon a showing of good cause. Fed. R. Civ. P. 26(c). <u>Defendant has not sought a protective order in this matter but is simply refusing to produce Ms. Ewing.</u>

12. The Federal Rules of Civil Procedure do not permit one party to make unilateral decisions regarding the timing and sequence of depositions during the discovery phase of civil

3

litigation. Federal Rule of Civil Procedure 26(d) provides that "[u]nless . . . the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). The pending belatedly filed motion to transfer venue does not permit Defendant to refuse to participate in discovery.

13. Where a party fails to cooperate in discovery, Fed. R. Civ. Pro. 37 allows the opposing party to move for an order compelling discovery. The rule also provides that if the motion is granted, the court *must* require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. Pro. 37 (a)(5)(A). The only exceptions to this requirement are (1) where the movant filed the motion before attempting in good faith to obtain the discovery without court action; (2) the opposing party's non-disclosure, response or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. Pro. 37 (a)(5)(A)(i)(ii) and (iii).

14. For the foregoing reasons, Plaintiffs request the court grant their Motion to Compel the deposition of Blake Ewing and sanctions for the failure to produce her as noticed because this behavior exhibits inexcusable negligent behavior during the course of discovery and was undertaken for gamesmanship and delay.

15. Pursuant to Federal Rule of Civil Procedure 37(d)((1)(B), Plaintiffs' counsel certifies that on this date she made contact with Defendant's counsel in good faith in an attempt to obtain the answer or response without court action. Defendant acknowledged that it would not be producing Ms. Ewing and would not re-set the deposition, absent the Court's opinion and order being issued on the Motion to Change Venue which is currently pending before the Court.

Dated: April 29, 2025                               Respectfully submitted,

/s/ *Heidi T. Sharp*
By: Heidi T Sharp (P69641)
Attorney for Plaintiffs
43260 Garfield Rd., Suite 280
Clinton Township, MI 48038
(586) 226-2627
heidi@sharpfirmlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------
JONATHAN GREENBERG, CHRISTOPHER GALE,
ROBERT GIZA and MICHAEL TURRIZIANI,

     *Plaintiffs,*

v.

JOHNSON CONTROLS, INC.,

     *Defendant.*
------------------------------------------------------------------

Case No: 24-02521-GAW
Hon. Gail A. Weilheimer

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF BLAKE EWING AND FOR SANCTIONS FOR REFUSAL TO PRODUCE HER PURSUANT TO FRCP 37(d)(1)**

Plaintiffs filed this case on June 10, 2024 for their unpaid commissions after Defendant changed its long-held commission plan, which retroactively deprived Plaintiffs of hundreds of thousands of dollars in commission for work they already performed.

Defendant responded by filing a motion on the pleadings under FRCP 12(b)(6). (ECF No. 9). Defendant did not dispute venue in its first responsive pleading, nor later in its Answer after the Court denied Defendant's motion. (ECF Nos. 18 and 20). Defendant did not plead an affirmative defense related to venue. (ECF No. 20). Defendant did not raise an objection to venue in the Joint 26(f) plan, which was entered on September 11, 2024 (ECF No. 12). Then, on April 14, 2025 Defendant filed a motion to transfer venue in this case. This motion was filed one month after Defendant indicated it intended to do so, again providing no reason for the belated filing. It is significant that this motion was so belated, because Defendant is now using this pending motion as a reason at the 11th hour to refuse to participate in discovery and in particular produce an essential witness for her deposition which has been scheduled since March 6, 2025.

6

This court held a status conference with the parties via videoconference on January 24, 2025, and the Court asked about other related matters and matters pending in other jurisdictions were recited. It was acknowledged at that time that this matter had entered discovery ahead of the other matters. Again, there was no objection to venue. Further, the parties discussed with the Court the current discovery status and the need to set a new scheduling order to allow sufficient time to complete necessary depositions. At that time, discovery was set to end on July 25, 2025 with dispositive motions to be filed on August 29, 2025. Thereafter, the Plaintiffs continually emailed Defendant's counsel about a response to an outstanding deficiency letter and the need to set deposition dates for the Plaintiffs and Defendant's essential witness, Blake Ewing. Ms. Ewing is essential to this case as Defendant has listed her, <u>and only her, in</u> its disclosures and responses to discovery as the only JCI employee with knowledge regarding the Incentive Plan at issue in this matter. **(Exhibit 1).**

Between January 24, 2025 – March 5, 2025 Plaintiffs worked diligently with Defendant's counsel to set a date for Ms. Ewing's deposition. It was finally agreed that she would be produced on May 2, 2025 in Milwaukee, WI. **(Exhibit 2).**

Plaintiffs noticed Ms. Ewing's deposition as agreed on March 6, 2025 pursuant to Federal Rule of Civil Procedure 30(b)(1). **(Exhibit 3).** Defendant's counsel has never objected to the date nor indicated that Ms. Ewing was not available on that date. Further, Plaintiffs' counsel indicated that if Defendant would not be producing Ms. Ewing, that they be informed well in advance so this issue could be put before the court timely. The defendant did not respond to that email. **(Exhibit 4).**

On March 14, 2025 Defendant indicated that it would be filing a Motion to Change Venue in this matter based upon a filing in another matter against Defendant, but which is unrelated to this case. On the same date, Plaintiffs indicated that it did not stipulate to the change in venue.

Defendant waited an entire month before filing its motion on April 14, 2025. (ECF No 33). Plaintiff responded to the motion on April 24, 2025, well before the 14 days elapsed to respond to a motion. (ECF No 34).

Thereafter, on April 29, 2025, a mere three days before the deposition of Ms. Ewing had been scheduled for the prior two months, Plaintiff was informed by counsel *in another matter, in another state that Ms. Ewing would not be produced in this matter this coming Friday by Defendant.* **(Exhibit 5).** Plaintiffs immediately emailed Defendant's counsel in this matter asking to confirm the position.

During a call of today's date, Defendant indicated that it was not producing Ms. Ewing and had never been prepared to produce her at the date/time noticed. It did not provide a good reason to withhold her deposition, other than indicating that it was awaiting the outcome of the motion to transfer venue in the hopes that this matter would be moved to Wisconsin and then be under a different discovery order at that time. **(Exhibit 5).** A motion to transfer venue can certainly be seen as gamesmanship and withholding discovery, while awaiting the outcome of an untimely motion demonstrates deliberate gamesmanship.

**Law and Argument**

If a party objects to the sequence and timing of any properly noticed depositions, then that party must seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) asking that said depositions be prohibited or stayed until after other discovery has been presented based upon

8

a showing of good cause. Fed. R. Civ. P. 26(c). <u>Defendant has not sought a protective order in this matter but is simply refusing to produce Ms. Ewing.</u>

The Federal Rules of Civil Procedure do not permit one party to make unilateral decisions regarding the timing and sequence of depositions during the discovery phase of civil litigation. Federal Rule of Civil Procedure 26(d) provides that "[u]nless . . . the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). The pending belatedly filed motion to transfer venue does not permit Defendant to refuse to participate in discovery.

Where a party fails to cooperate in discovery, Fed. R. Civ. Pro. 37 allows the opposing party to move for an order compelling discovery. The rule also provides that if the motion is granted, the court ***must*** require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. Fed. R. Civ. Pro. 37 (a)(5)(A). The only exceptions to this requirement are (1) where the movant filed the motion before attempting in good faith to obtain the discovery without court action; (2) the opposing party's non-disclosure, response or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. Pro. 37 (a)(5)(A)(i)(ii) and (iii).

Here, Defendant is refusing to produce its own witness, the only designated corporate representative of Defendant, in violation of Federal Rule of Civil Procedure 37(d). It has provided no notice of the cancellation and Plaintiffs had to find out from counsel *in another state* and track Defendant down to confirm. Absent Plaintiffs' contact, they would have appeared in Wisconsin on Friday and no deponent would have appeared without any notice to the Plaintiffs. While

Defendant's counsel apologized for the lack of communication, their position that they didn't intend to produce Ms. Ewing at all because of the status of other matters against Defendant is not sufficient to excuse their failure to participate in discovery in this matter.

Because Defendant has provided no excuse for failing to produce Ms. Ewing and has indicated on such short notice that she will not be produced, without first filing a protective order to preclude her deposition, sanctions must be awarded to Plaintiff pursuant to Federal Rule of Civil Procedure 37(d)(1)(A). A similar situation occurred in *Step by Step Sch. v. Phila. Indem. Ins. Co.,* 2024 U.S. Dist. LEXIS 29527, wherein the Plaintiff failed to appear for a number of scheduled depositions of its own witnesses and corporate representatives and otherwise cancelled properly noticed depositions on short notice. Wherein, the court granted the Defendant sanctions for the Plaintiff's 'inexcusable negligent behavior'.

Because Defendant admitted that it is withholding the deposition of Ms. Ewing while hoping to have venue transferred in this matter, this is a matter of gamesmanship, and such tactics should not be condoned.

For the foregoing reasons, Plaintiffs request the court grant their Motion to Compel the deposition of Blake Ewing at a date and time selected by Plaintiffs and sanctions for the failure to produce her as noticed because this behavior exhibits inexcusable negligent behavior during the course of discovery and was undertaken for gamesmanship and delay.

Dated: April 29, 2025						Respectfully submitted,

						/s/ *Heidi T. Sharp*
						By: Heidi T Sharp (P69641)
						Attorney for Plaintiffs
						43260 Garfield Rd., Suite 280
						Clinton Township, MI 48038
						(586) 226-2627
						heidi@sharpfirmlaw.com

```
```

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing *Motion to Compel Deposition of Blake Ewing* and *Brief in Support* was served upon all parties/attorneys of record in the above captioned matter on April 29, 2025 by:

   x  ECF                       ____U.S. Mail
   ____E-Mail              ____Hand Delivery

                  /s/ Tara Adams
                  Tara Adams